IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RANDY SALLEE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV08-038-S-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| DR. STANDER, M.D.; TOM | ) | |
| HEIGNST; JOSH TUCKETT; | ) | |
| APRIL DAWSON; RONA SIEGERT; | ) | |
| RANDY BLADES; WARDEN | ) | |
| HARDISON; OFFICER HAGERTY; | ) | |
| and OFFICER TRAUTMAN; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court are (1) the CMS Defendants' Motion to Dismiss and/or Motion for Summary Judgment (Docket No. 20) and (2) the IDOC Defendants' Motion to Dismiss (Docket No. 23). Defendants argue that Plaintiff did not exhaust his administrative remedies. Plaintiff has not responded to either motion even though he was given additional time to file his responses (Docket No. 28).

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**MEMORANDUM DECISION AND ORDER - 1**

A.  Background

Plaintiff was a prisoner in the custody of the Idaho Department of Correction (IDOC). He is currently released on probation or parole. Plaintiff alleges in his Complaint that he has been denied proper medication for his medical condition. Plaintiff also alleges that his privacy rights have been violated when certain law enforcement officers revealed his medical condition to other inmates without his permission. Defendants move to dismiss and/or for summary judgment arguing Plaintiff cannot proceed on his claims because he did not exhaust his available administrative remedies prior to filing his lawsuit. The Court agrees with the Defendants that the case must be dismissed.

B.  Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA),[1] a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought

---

[1] 110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e, *et seq*.

**MEMORANDUM DECISION AND ORDER - 2**

in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The *Jones v. Bock* Court noted that the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id*. at 204.

Where there is an "informal[]" and "relative[ly] simpl[e]" prison grievance system, prisoners must take advantage of it before filing a civil rights complaint. *Woodford v. Ngo*, 548 U.S. at 103. In *Woodford v. Ngo*, the prisoner had filed his grievance within six months of the incident at issue, rather than within fifteen days as required by the California Prison grievance system. *Id*. at 86-87. The Supreme Court rejected the Ninth Circuit's determination that the prisoner "had exhausted administrative remedies simply because no such remedies remained available to him." *Id*. at 87.

Failure to exhaust remedies is an affirmative defense that should be brought as an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2002). Therefore, the Court will consider Defendants' motions as motions to dismiss, rather than motions for summary judgment. In deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. Defendants bear the burden of proving failure to exhaust. *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005).

**MEMORANDUM DECISION AND ORDER - 3**

C.  **Grievance Process of the Idaho Department of Correction (IDOC)**

The IDOC's grievance process consists of three stages. First, any inmate with a concern is required to seek an informal resolution by filling out an Offender Concern Form, addressed to the staff person "most directly involved" with the inmate's issue. Affidavit of Jill Whittington (Docket No. 20-4) at ¶ 5. If the issue cannot be resolved informally through the use of a Concern Form, the inmate must then file a Grievance Form. *Id.* at ¶ 6.

When submitting a Grievance Form, the inmate must attach a copy of the Offender Concern Form, showing the inmate's attempt to settle the issue informally. Only one issue may be raised in each grievance. *Id.* at ¶ 7. When the grievance involves a medical issue, the Grievance Form is "routed through medical staff supervised by a Health Services Administrator, who is employed by the health care contractor." *Id.* at ¶ 8. The Health Services Administrator is charged with responding to the grievance. *Id.* If the grievance involves a non-medical issue, the reviewing authority is generally a deputy warden of the prison. *Id.* at ¶ 7.

If the decision on an inmate's grievance is not satisfactory to the inmate, the inmate may appeal that decision. In cases of medical grievances, the appellate authority is the Regional Manager or Vice President of the medical contractor. *Id.* at ¶ 10. Otherwise, the appellate authority is the warden. *Id.* Not until the completion of all three of these steps--Concern Form, Grievance Form, and grievance appeal--is the grievance process exhausted. *Id.* at ¶ 11.

**MEMORANDUM DECISION AND ORDER - 4**

Prior to November 2007, the IDOC did not keep records of grievances submitted by inmates if those grievances were not processed for some reason. Since November 2007, all grievances are logged and recorded, even those that are not processed. *Id.* at ¶ 13. Grievances are logged into a computer database, which is searchable by an inmate's name or IDOC number, or by year. *Id.* at ¶ 12.

**D.     Plaintiff did not exhaust his administrative remedies.**

Plaintiff claims he regularly missed receiving required medications. Plaintiff did file Offender Concern Forms regarding the medications. However, the complaint does not contain any copies of grievances filed by Plaintiff. According to Ms. Whittington, Grievance Coordinator for ISCI, there is no record of any grievance submitted by Plaintiff between January 1, 2007 until May 15, 2009. Second Affidavit of Jill Whittington, (Docket No. 23-3) at ¶ 13.

Along with Plaintiff's Complaint, Plaintiff submitted a number of Offender Concern Forms. However, Plaintiff has not submitted copies of any Grievance Forms or documents showing that he appealed any grievance decision. In fact, Plaintiff has submitted nothing in response to Defendants' Motion to Dismiss. Therefore, there is no evidence that Plaintiff filed any grievance or grievance appeal. Nor has Plaintiff claimed he filed an unprocessed grievance form during the period before IDOC began logging *all* grievances, processed or not, into the system. Plaintiff's only allegation regarding the grievance process is his statement in his Complaint that "Plaintiff has talked to drs, filled HSRs, concern forms, grievances." Complaint (Docket No. 3) at 8. However, this

**MEMORANDUM DECISION AND ORDER - 5**

general allegation is insufficient to overcome Defendants' evidence that Plaintiff did not file a grievance. The Court finds that Plaintiff did not file a grievance, processed or otherwise, on the issue of his medical care or the disclosure by the officers of his medical condition to other inmates.

E.   Conclusion

Defendants have met their burden of showing that Plaintiff did not exhaust his administrative remedies. Although Plaintiff may have undertaken the first step of the grievance process--submitting an Offender Concern Form--he did not proceed past the first step. He did not file a grievance. Therefore, Plaintiff did not exhaust his administrative remedies, and the Court will dismiss the Complaint without prejudice.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the CMS Defendants' Motion to Dismiss and/or Motion for Summary Judgment (Docket No. 20) is GRANTED.

IT IS FURTHER HEREBY ORDERED that the IDOC Defendants' Motion to Dismiss (Docket No. 23) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Complaint (Docket No. 3) is DISMISSED without prejudice.

DATED:  **August 31, 2009**

/s/ Edward J. Lodge
Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 7**